IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MARCUS RAYSHUN TAYLOR,      ) | |
| ) | |
| Petitioner,     ) | |
| ) | CRIMINAL ACTION NO. 09-0274-WS-N |
| v.               ) | |
| ) | CIVIL ACTION NO. 11-0145-WS |
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Respondent.    ) | |

REPORT AND RECOMMENDATION

This matter is before the court on Petitioner's Motion for Voluntary Dismissal (doc. 81), dated July 25, 2012 and received by this court on July 30, 2012.  The underlying habeas action was referred to the undersigned for preparation of a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c).  Upon consideration, it is the recommendation of the undersigned that the motion be GRANTED.

The 2255 petition raised four claims: (1) that counsel failed to file an appeal; (2) that counsel was ineffective in explaining his possible sentence; (3) that counsel was ineffective in failing to object to the government's alleged breach of the plea agreement; and (4) that the court erred in failing to apply an anticipated amendment to the Sentencing Guidelines.  Upon   review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (docs. 71, 72), Respondent's Opposition to the Motion to Vacate (doc. 75), and Petitioner's Reply thereto (doc. 78), this court concluded that petitioner was entitled to an evidentiary hearing on his first claim (that his counsel failed to file an appeal) and ordered petitioner to either retain counsel to represent him at the hearing or to submit a Motion for Leave to Proceed In Forma

1

Pauperis (doc. 79) for the court to determine if counsel could be appointed for him.[1]  When petitioner failed to respond by the deadline the undersigned issued a second order allowing petitioner additional time to comply (doc. 80).[2]  Thereafter, petitioner filed the instant Motion for Voluntary Dismissal, stating, in pertinent part:

> After further review of my paperwork I Marcus Rashun Taylor Petitioner clearly understand that my former counsel (Barre C. Dumas) did everything he could to help me.  So I am asking YOUR HONOR to dismiss my 28 U.S.C. 2255.  I am doing this knowingly, and willingly.

Petitioner's motion to dismiss does not seek to leave open the option of refiling at a later date.[3]  However, petitioner should be aware that, although the undersigned recommends dismissal "without prejudice," refiling is unlikely to be allowed as a practical matter due to the one-year limitations period applicable to claims under 28 U.S.C. § 2255.

---

[1]  Petitioner retained counsel Barre Dumas, Esq., to represent him at trial.

[2] On August 2, 2012 the court's order (doc. 80) was returned as undeliverable.  The clerk discovered that petitioner had been transferred to another federal facility and the order was resent to petitioner at his new address.  This new address also appears on petitioner's motion to dismiss.  The court's prior order (doc. 79) issued on June 28, 2012 is identical to document 80 and was not returned.  In the order of June 28, 2012, (doc. 79) the undersigned stated, in pertinent part:

> For the reasons stated above, it is hereby ORDERED that the Court will conduct an evidentiary hearing on the limited issue raised in Petitioner's Claim One concerning counsel's failure to file an appeal as instructed.2 Petitioner is hereby ORDERED, no later than fourteen (14) days from the date of this Order, to retain counsel to represent him at the hearing or to submit a Motion for Leave to Proceed in Forma Pauperis with the required accompanying financial information and copy of his prisoner account summary demonstrating his indigence.  The Clerk is DIRECTED to forward a copy of the appropriate form to Petitioner along with a copy of this Order. Finally, once Petitioner's counsel appears or is appointed in this matter, Court will set a date and time for the hearing.

[3] The Motion contains an apology and states that petitioner "hope[s] and pray[s] that we can put this matter to a close."

Having carefully considered the record, particularly the petition and related briefs as well as petitioner's Motion to Dismiss, it is hereby RECOMMENDED that the Motion to Dismiss be GRANTED and that the habeas action be DISMISSED without prejudice.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

DONE this the 3rd day of August, 2012.

/s/Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within **fourteen (14) days** of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten [now fourteen] days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

(Emphasis added)  A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

/s/  Katherine P. Nelson
**UNITED STATES MAGISTRATE JUDGE**